**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

PHILADELPHIA INDEMNITY INSURANCE
COMPANY,

                             Civil No. 25-4315 (JRT/JFD)

               Plaintiff,

v.

                    **MEMORANDUM OPINION AND ORDER
                    GRATING IN PART DEFENDANT'S**
CAMBRIA COMPANY, LLC,             **MOTION TO TRANSFER, DISMISS, OR
                                    STAY**

               Defendant.

---

Erin D. Doran and Stacy A. Broman, **MEAGHER & GEER, P.L.L.P.**, 33 South Sixth Street, Suite 4400, Minneapolis, MN 55402, for Plaintiff.

Bryan R. Freeman and Judah Druck, **MASLON LLP**, 225 South Sixth Street, Suite 2900, Minneapolis, MN 55402, for Defendant.

Plaintiff Philadelphia Indemnity Insurance Co. ("Philadelphia") brought this action seeking a declaration from this Court on whether it has a duty to defend and a duty to indemnify Defendant Cambria Company, LLC ("Cambria) in certain underlying lawsuits. The underlying lawsuits are brought against Cambria by persons alleging bodily injury due to exposure to dust from Cambria's quartz surface slabs.  In particular, Philadelphia asks the Court to declare whether it has a duty to defend or indemnify Cambria in underlying lawsuits **not** specifically identified in a co-pending California Lawsuit.  The Court will stay this action for six months to allow the court in the co-pending California Lawsuit an

opportunity to opine on whether it has jurisdiction over the underlying lawsuits that have not yet been identified by Cambria in that action.

## BACKGROUND

### I.    FACTS & PROCEDURAL HISTORY

Cambria makes "quartz surface products" including countertops.  (Compl. ¶ 26, Nov. 12, 2025, Docket No. 1.)  Beginning in January 2020, Cambria was named as a defendant in lawsuits by persons alleging bodily injury due to exposure to "harmful dust and particles including respirable crystalline silica dust, in their workplaces from Cambria's quartz surface slabs." (*Id.* ¶ 25.)  Around 400 of these "Bodily Injury Lawsuits" have been filed against Cambria and other manufacturers of similar products.  (Def.'s Mem. in Supp. of Mot. Dismiss at 4, Dec. 19, 2025, Docket No. 12.)  "The Bodily Injury Lawsuits generally allege conspiracy, negligence, and that Cambria's products were defectively designed and 'unreasonably dangerous.'"  (Compl. ¶ 29.)

Philadelphia was Cambria's insurer during November 2000 to November 2002 under several policies[1] (collectively, the "Policies").  (*See id.* ¶¶ 6–9, 30.)  Philadelphia has disclaimed coverage of Cambria, arguing that it has neither a duty to defend nor a duty to indemnify Cambria in the Bodily Injury Lawsuits.  (*Id.* ¶¶ 2, 7.)  Philadelphia argues that

---

[1] Policy Number PHPG124578 was in effect from November 20, 2000 to November 1, 2001; Policy Number PHPK014656 was in effect from November 1, 2001 to November 1, 2002; Policy Number PHUM106750 was in effect from November 20, 2000 to November 1, 2001; Policy Number PHUB006108 to Cambria, which policy was in effect from November 1, 2001 to November 1, 2002. (Compl. ¶ 6–9.)

some Bodily Injury Lawsuits "allege first exposure to harmful substances from Cambria's products after expiration" of its coverage of Cambria.  (*Id.* ¶ 31.)  And it further argues that it has no duty with respect to any Bodily Injury Lawsuit because of a pollution exclusion in the Policies.  (*Id.*)

On March 8, 2024, Cambria filed an insurance coverage suit in the Central District of California seeking a declaration that Philadelphia must defend and indemnify it against the Bodily Injury Lawsuits (the "California Action").  (*Id.* ¶ 32.)  On March 27, 2024, Philadelphia filed a declaratory judgment action in the District of Minnesota (the "First Minnesota Action").  (*Id.* ¶ 35.)  Cambria moved to transfer the First Minnesota Action to California, and Philadelphia moved to transfer the California Action to Minnesota.  (*See id.* ¶ 38.)

On November 6, 2024, Judge Maame E. Frimpong of the Central District of California denied Philadelphia's motion to transfer the California Action.  *Cambria Co. LLC v. Philadelphia Indem. Ins. Co.*, Civil No. 24-01913, 2024 WL 5495286 (C.D. Cal. Nov. 6, 2024).  On Jan. 21, 2025, Judge Jeffrey M. Bryan of the District of Minnesota granted Cambria's motion to transfer the First Minnesota Action to California.  *Philadelphia Indem. Ins. Co. v. Cambria Co., LLC*, Civ. No. 24-1075, 2025 WL 253388 (D. Minn. Jan. 21,

2025).[2]  "Due to the overlap between the two cases, the transferred Minnesota Lawsuit was [then] dismissed without prejudice by agreement of the parties."  (Compl. ¶ 41.)

In November 2025, Philadelphia initiated this case.  (*See generally* Compl.)  On December 19, 2025, Cambria filed a Motion to Transfer, Dismiss, or Stay this case. (Docket No. 11.)

## II.   CALIFORNIA ACTION

Just after briefing was complete on Cambria's pending motion in this action, Judge Frimpong of the Central District of California ruled on the parties' motions for summary judgment in the California Action.  *Cambria Co. LLC v. Philadelphia Indem. Ins. Co.*, Civil No. 24-1913, 2026 WL 776300 (C.D. Cal. Mar. 17, 2026).

The central issue at summary judgment in the California Action was whether Philadelphia properly relied on the pollution exclusions in the Policies to deny coverage for the Bodily Injury Lawsuits.  *See id.* at *5.  Because Minnesota and California law differ on whether pollution exclusions should be confined to "traditional environmental pollution," the California Court had to determine which law applied.  *Id.* at *6–8.  The court determined that California law applies—in part because many of the underlying plaintiffs are citizens of California.  *Id.* at *9.

---

[2] After transfer, the First Minnesota Action was opened in the Central District of California as case 2:25-cv-00579 on January 24, 2025.  On February 18, 2025, Philadelphia submitted a notice of dismissal without prejudice under Fed. R. Civ. Pro. 41(a)(1)(A)(i).  (C.D. Cal. Civil No. 25-579, Feb, 18, 2025, Docket No. 46.)

Applying California law, the court awarded Cambria summary judgment on Philadelphia's duty to defend claim, concluding that "[Philadelphia] has not sufficiently shown that it does not bear the duty to defend. . . . [I]t is not clear that the [environmental pollution exclusion] will conclusively bar all pollution liability in the underlying cases[.]" *Id.* at *11–12. "[Philadelphia] must perform the duty to defend as it relates to Cambria." *Id.* As to Philadelphia's duty to indemnify, the California court concluded the duty depended on the resolution of the still-pending Bodily Injury Lawsuits and that it "could not ascertain, at this time, the extent of that duty." *Id.*

Philadelphia has filed a motion for reconsideration of the order for summary judgment (C.D. Cal. Civil No. 24-1913, March 31, 2026, Docket No. 95). The California court has indicated that Philadelphia's motion will be considered on the papers. (C.D. Cal. Civil No. 24-1913, May 4, 2026, Docket No. 98.)

Cambria has filed a motion to stay the California Action pending resolution of the underlying Bodily Injury Lawsuits. (C.D. Cal. Civil No. 24-1913, May 14, 2026, Docket No. 99.) That motion is set for a hearing on June 25, 2026. (*Id.*)

## DISCUSSION

The parties disagree on whether the court in the California Action is only considering 69 of the Bodily Injury Lawsuits. Philadelphia argues that the California Action is limited to just those 69 cases and asks the Court to now consider in this action all of the other disputes between Philadelphia and Cambria regarding the Bodily Injury Lawsuits. Cambria argues that the California court's legal conclusions in the California Action should

be binding on all of the Bodily Injury Lawsuits, and it asks this Court to transfer this case to California under the first-filed rule.

In the California Action, the "Underlying Lawsuits" were specifically defined in the court's summary judgment order as "the sixty-nine underlying bodily injury lawsuits currently at issue in this case." *Cambria Co.*, 2026 WL 776300, at *2. But it is not clear from the recent summary judgment order if the holding applies to other Bodily Injury Lawsuits. *See generally id.*

Even if the recent summary judgment ruling does not apply to the other Bodily Injury Lawsuits, consideration by the California Court of all the underlying lawsuits together would likely "conserve judicial resources" and prevent "conflicting rulings." *Pragmatic Software Corp.v. Antrim Design Sys., Inc.*, Civ. No. 02-2595, 2003 WL 244804, at *2 (D. Minn. Jan. 28, 2003). But Philadelphia made it clear during oral argument that if the present action is transferred to Central District of California, it would ask that court to dismiss for lack of jurisdiction.[3] If that court did then dismiss for lack of jurisdiction, this action would need to be refiled—and no efficiency or resolution would have been achieved. *See id.* at *2 ("The [first-filed] rule is intended to . . . 'be applied in a manner

---

[3] Cambria counters that it could have already amended its complaint in the California action to include all the underlying Bodily Injury Lawsuits, making transfer of this action unnecessary. But while Cambria represents it has not amended because of the timing of motion practice, the Court also notes that Cambria's tardiness to amend was clearly strategic. The California court certainly considered that the underlying Bodily Injury Lawsuits were brought by California residents when performing its choice of law analysis. *See Cambria Co.*, 2026 WL 776300, at *8.

best serving the interests of justice.'" (quoting *Nw. Airlines, Inc. v. Am. Airlines, Inc.,* 989 F.2d 1002, 1006 (8th Cir. 1993)).

The Court concludes it would be inappropriate for it to opine on whether the court overseeing the California Action has jurisdiction over all of the underlying Bodily Injury Lawsuits. Accordingly, the Court will stay this action for six months. The Court encourages Cambria to amend its complaint in the California action to include additional underlying Bodily Injury Lawsuits (or to take other appropriate action) to allow the California court to determine whether it has jurisdiction over those additional underlying Bodily Injury Lawsuits. If no resolution has been reached in six months, or if the California court determines it does not have jurisdiction over all of the underlying Bodily Injury Lawsuits, the Court will permit this action to proceed.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Cambria Company, LLC's Motion to Transfer, Dismiss, or Stay is **GRANTED in part**. This action shall be **STAYED** for six months from the date of this Order.

2. Each party shall provide (individually or jointly) an update to the Court on the status of the co-pending California action and its position on whether this action should proceed, no later than November 15, 2026.

-8-

DATED:  June 8, 2026                              _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                    United States District Judge